Case 6:23-cv-00022-NKM-CKM   Document 14   Filed 01/09/24   Page 1 of 7
Pageid#: 39

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

1/9/2024

LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| DARREL WHITE, ) | |
| ) | Civil Action No. 6:23-CV-00022 |
| Plaintiff, ) | |
| v. ) | REPORT & RECOMMENDATION |
| ) | |
| MARTIN O'MALLEY,[1] ) | |
| Commissioner of Social Security, ) | By: C. Kailani Memmer |
| ) | United States Magistrate Judge |
| Defendant. ) | |

Plaintiff Darrel White ("White"), a *pro se* claimant, filed this action challenging the alleged final decision of the Commissioner of Social Security ("Commissioner") finding him not disabled and therefore ineligible for supplemental security income ("SSI") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433; 42 U.S.C. §§ 1381–1383f. White, a resident of Lynchburg, Virginia, sought judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision of the Commissioner and claimed that he had exhausted administrative remedies.

On August 14, 2023, the Commissioner filed a Motion to Dismiss Plaintiff's Complaint or, in the Alternative, For Summary Judgment, ECF No. 9, on the ground that White failed to exhaust administrative appeal remedies and thus has not received a "final decision" of the Commissioner as required to obtain judicial review under 42 U.S.C. § 405(g).

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

This case is before me by referral under 28 U.S.C. § 636(b)(1)(B). For the reasons detailed below, I recommend granting summary judgment in the Commissioner's favor under Federal Rule of Civil Procedure 56.

## STANDARD OF REVIEW

The Social Security Act authorizes this Court to review the Commissioner's final decision that a person is not entitled to disability benefits. 42 U.S.C. §§ 405(g), 13183(c)(3); *see also Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). "These rules govern an action under 42 U.S.C. § 405(g) for review on the record of a **final decision** of the Commissioner of Social Security that presents only an individual claim . . . [and] [t]he Federal Rules of Civil procedure also apply to a proceeding under these rules, except to the extent that they are inconsistent with these rules." Rule 1, Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) (emphasis added). The Court's role is limited to review of a final decision of the Commissioner related to White's claim for SSI benefits.

Thus, the Act limits judicial review to claims brought by "[a]ny individual, after any final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). This Section of the Act contains a non-jurisdictional (but mandatory) requirement that a claimant exhaust his administrative remedies prior to seeking judicial review of a decision by the Commissioner. *Accident, Injury and Rehab., PC v. Azar*, 943 F.3d 195, 200 (4th Cir. 2019). "[T]he Act does not define 'final decision,' instead leaving it to the Social Security Administration ("SSA") to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a), *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)).

2

The administrative review process established by the SSA contains four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge ("ALJ") hearing and decision; and (4) Appeals Council review or denial thereof. 20 C.F.R. § 416.1400(a)(1)-(4). Once a claimant has completed that process and a "final decision" has been issued, the claimant may then seek judicial review. *Id.* § 416.1400(a)(5). Absent a waiver by the Commissioner or, in extreme cases, by the Court, a plaintiff's failure to exhaust his administrative remedies prevents judicial review of the Commissioner's decision. *See Accident, Injury and Rehab., PC*, 943 F.3d at 200.

## **PROCEDURAL HISTORY**

On March 31, 2021, White applied for SSI under Title XVI of the Act, which was denied at the initial level on November 22, 2021, and at the reconsideration level on October 17, 2022. ECF No. 10 at 1. He did not, however, seek further administrative appeal, which required him to request a hearing before an ALJ and, if an unfavorable decision was rendered, then to request review by the Appeals Council. 20 C.F.R. § 416.1400(a)(1)-(4). As a result, White never received a "final decision" from the Commissioner; thus, this matter will not be governed by the Supplemental Rules for Social Security Under 405(g) but will instead be governed by the standard Rules of Civil Procedure. *See* Rule 1(a), Supplemental Rules for Social Security Under 405(g).

On April 27, 2023, White filed a civil action in this Court. ECF No. 2. On August 14, 2023, the Commissioner filed "Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, For Summary Judgment." ECF No. 9. In this Motion, the Commissioner argues that White failed to exhaust his administrative remedies, and so White's case should be dismissed.

3

After receipt of the Commissioner's original Motion to Dismiss (alternatively styled as a Motion for Summary Judgment), ECF No. 9, the Clerk of this Court mailed a Notice to White on August 15, 2023, to satisfy the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). ECF No. 11. This notice advised White both that the Commissioner's Motion to Dismiss may be considered as a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure as well as the right to file counter-affidavits or other additional evidence. *Id.*

To White's credit, he filed a response on August 31, 2023. ECF No. 12. However, while White provides some brief explanation of his health issues, he fails to address the crux of the issue that is currently before this Court (i.e., whether he failed to exhaust his administrative remedies prior to seeking judicial review). In sum, White has not disputed or otherwise responded to the Commissioner's primary argument, nor has he proffered any admissible evidence to rebut the claim that he has failed to exhaust his administrative remedies under the Act and obtain a final decision of the Commissioner after a hearing.

## DISCUSSION

As stated above, White never received a "final decision" from the Commissioner. As a result, this matter will be governed by the standard Rules of Civil Procedure. *See* Rule 1(a), Supplemental Rules for Social Security Under 405(g).

Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "A complaint should not be dismissed for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in plaintiff's

4

favor, it appears certain that the plaintiff cannot prove any set of facts entitling [him] to relief." *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017).

However, if matters outside the pleadings are presented to and not excluded by the court for a Rule 12(b)(6) motion, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). In such cases, courts must give the parties "reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" requires: (1) some notice by the court to the parties that "it is treating the 12(b)(6) motion as a motion for summary judgment," and (2) "the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F. 2d 175, 177 (4th Cir. 1985).

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party shows that there is no evidence to support the non-moving party's case, then the burden shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence "to carry the burden of proof in his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993).

The declaration and other documents submitted with the Commissioner's Motion confirm that the Commissioner has no record of White receiving a final decision from the Commissioner. ECF No. 11 at 2–3. There is nothing before this Court to suggest that the exhaustion requirement should be excused. If White wishes to challenge the Commissioner's decision, then he must first

5

allow that decision to become final by exhausting his administrative remedies in accordance with 20 C.F.R. § 416.1400(a)(1)-(4). *See Smith v. Berryhill*, 139 S. Ct. 1765, 1779 (2019) ("Fundamental principles of administrative law, however, teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question"). It is therefore appropriate to grant summary judgment to the Commissioner as White failed to exhaust his administrative remedies.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that an order be entered **GRANTING** summary judgment in the Commissioner's favor under Federal Rule of Civil Procedure 56 and **ORDERING** the case to be **DISMISSED** and **STRICKEN** from the active docket of this Court.

## NOTICE TO THE PARTIES

The clerk is directed to transmit the record in this case to Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to the *pro se* plaintiff and counsel for the Commissioner.

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party must serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings

6

or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection, including the waiver of the right to appeal.

    Entered: January 9, 2024

*C. Kailani Memmer*

C. Kailani Memmer
United States Magistrate Judge